**F I L E D**

**UNITED STATES COURT OF APPEALS**

**OCT 3 2002**

**TENTH CIRCUIT**

---

JIMMY L. HANNAH,

      Petitioner - Appellant,

v.

NAVY CLEMENCY & PAROLE
BOARD; STEVEN L.
ANDRASCHKO, Commandant, Fort
Leavenworth, Kansas,

      Respondents - Appellees.

No. 02-3053
(D.C. No. 01-CV-3156-RDR)
(D. Kansas)

---

# ORDER AND JUDGMENT[*]

---

Before **SEYMOUR**, **HENRY**, and **BRISCOE**, Circuit Judges.

---

    Jimmy L. Hannah, a pro se federal prisoner incarcerated at the United

States Disciplinary Barracks in Fort Leavenworth, Kansas, brought this petition

---

[*]After examining appellant's brief and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). The case is therefore submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, or collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

for habeas corpus relief under 28 U.S.C. § 2241 alleging that he is being confined past his minimum release date, and that the location of his parole revocation proceedings violated his constitutional rights. The district court denied relief on the first claim and determined that the second claim was moot.[1] Mr. Hannah appeals and we affirm.

On April 17, 1996, Mr. Hannah was sentenced to a term of seven years incarceration following his conviction by general court-martial. On April 8, 1999, Mr. Hannah was informed by letter that he had been approved for incremental parole to begin on or about February 1, 2000. On January 31, 2000, Mr. Hannah executed a parole agreement and was issued a certificate of parole. The certificate did not indicate that Mr. Hannah was placed on incremental parole and stated his full term release date as October 16, 2002. The parole agreement Mr. Hannah signed provided directly above his signature as follows: "I understand that by accepting parole, I waive all good conduct time earned through the date I am released on parole." Rec. doc. 10, attach. 2.

Mr. Hannah's parole was suspended on July 13, 2000, and he was arrested on a parole violation warrant on July 21, 2000. On April 2, 2001, he was informed by letter that he had been approved for parole as soon as

---

[1] Mr. Hannah does not challenge on appeal the district court's mootness ruling and we therefore do not address it further.

administratively possible. This letter did not indicate that he would be placed on incremental parole. Mr. Hannah executed a second parole agreement containing directly over his signature the same provision set out above. The parole certificate issued pursuant to this agreement likewise did not state that Mr. Hannah would be placed on incremental parole; rather it stated that his parole would extend from the parole release date of May 11, 2001, to the full-term release date of October 24, 2002, a date reflecting the addition of the seven days between the suspension of Mr. Hannah's first parole on July 13, 2000, and his arrest on the violator warrant on July 21.

Mr. Hannah contends that he should have received credit toward his period of incarceration for the good conduct time he earned prior to his first release on parole and that because he was not given this good time credit, he is being held beyond his minimum release date. The linchpin of his argument is the statement in the letter of April 8, 1999, incident to his first parole informing him that he had been approved for incremental parole. Parole under the naval service system normally involves six discrete thirty-day increments of parole, followed by parole to the full term release date. An offender on incremental parole is given credit for time served and does not lose the good time or extra good time credits earned prior to release on parole. *See* rec., doc. 10, attach. 10.

We agree with the district court that this letter, issued in connection with

his first release on parole, does not entitle Mr. Hannah to the award of good conduct time. First, in connection with his first parole Mr. Hannah signed an agreement, as set out above, that did not mention incremental parole and specifically provided that by accepting parole he was waiving all good conduct time earned up to his parole release date. Second, even assuming that the discrepancy between the April 8 letter and the related parole agreement signed by Mr. Hannah could somehow be construed as Mr. Hannah argues, he nonetheless signed a *second* parole agreement waiving his good time credits that did not conflict with the accompanying letter informing him of his eligibility for parole a second time. Accordingly, Mr. Hannah's argument that his release date should take into account his good conduct time is without merit.

We **AFFIRM** the order of the district court denying Mr. Hannah relief.

ENTERED FOR THE COURT


Stephanie K. Seymour
Circuit Judge

-4-